# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RONALD SATISH EMRIT,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:23-cv-00452-RDP |
| } | |
| **KARA PRATT, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

On April 10, 2023, Plaintiff Ronald Satish Emrit filed a Complaint (Doc. # 1) and a Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 2) in this action. Plaintiff seeks leave to file this lawsuit without prepayment of fees and costs. Plaintiff's affidavit of indigency supports a finding that his Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 2) is due to be granted pursuant to 28 U.S.C. § 1915(a). However, that is not the key issue here.

**I.      Legal Standard**

Title 28, U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious or (2) fails to state a claim upon which relief may be granted. The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A dismissal pursuant to section 1915(e)(2) may be issued *sua sponte* by the court prior to the issuance of process so as to

spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id*.

## II.     Background

The court is completely at a loss to distill the essence of Plaintiff's Complaint. Plaintiff alleges he desires to purchase a house in Southwest Florida. (Doc. # 1 ¶ 1). Plaintiff informs the court of his intention to marry one of two women located in Kharkiv, Ukraine, and Kyiv, Ukraine, respectively. (*Id*. ¶ 2). Plaintiff then re-asserts his intent to purchase a house in Southwest Florida, identifying himself as a bona fide purchaser ("BFP"), and presents a litany of property law doctrines with no coherent explanation of how they apply here.[1] He then cites *Loving v. Virginia* in support of his request for an annulment in order to marry one of the two Ukrainian women already listed. (*Id*. ¶ 11) (citing 388 U.S. 1 (1967)). Finally, Plaintiff requests an injunction against Defendants (a Texas attorney, Kara Pratt; the Texas Supreme Court; the Texas State Bar; the Chief Disciplinary Counsel in Texas; and the Board of Disciplinary Appeals in Texas) that somehow relates to a third party, Sheila Darlene Buckaloo, who is not named as a defendant. (*Id*. ¶ 12).

This is not the first time that Plaintiff has filed a frivolous and confusing lawsuit before this court. On February 23, 2023, the court dismissed a case that Plaintiff brought against Charles Barkley, former basketball and current media star, which alleged that Barkley and his sponsors violated numerous state and federal laws by presenting Plaintiff with advertisements that break his concentration. *Emrit v. Barkley, et al*., Case No.: 23-cv-00019, ECF # 1, 7 (N.D. Ala. Feb. 23, 2023). In that case, the complaint before this court was identical to complaints Plaintiff filed in

---

[1] For example, he alleges the following: "the plaintiff is trying to buy a house as a tenancy by the entirety or a tenancy in common" (Doc. # 1 ¶ 4); "the plaintiff is trying to buy a house as a … BFP in a race, notice, or race notice jurisdiction" (Id. ¶ 5); "[a]s a logical extension, the plaintiff is trying to buy a house as a quitclaim deed or warranty deed with the covenant of [seisin], covenant against encumbrances, covenant of title, covenant of quiet enjoyment." (*Id*. ¶ 6).

2

other federal district courts. *See Emrit v. Barkley, et al.*, Case No. 1:23-cv-00003 (S.D. Ala. Jan. 3, 2023); *Emrit v. Barkley, et al.*, Case No. 2:23-cv-00017 (M.D. Ala. Jan. 9, 2023); *Emrit v. Barkley, et al.*, Case No. 2:23-cv-00156 (E.D. Pa. Jan 9, 2023); *Emrit v. Barkley, et al.*, Case No. 2:23-cv-00034 (W.D. Pa. Jan. 10, 2023); *Emrit v. Barkley, et al.*, Case No. 3:23-cv-00079 (M.D. Pa. Jan. 17, 2023).

Also, as the court previously noted, Magistrate Judge Cannon of the United States District Court for the Northern District of Florida recently identified Plaintiff as a "vexatious litigant" who has filed "over 500 cases [] throughout the country." *Emrit v. Special Agent*, 2022 WL 17824014, at *1 (N.D. Fla. Nov. 9, 2022), *report and recommendation adopted*, 2022 WL 17821575 (N.D. Fla. Dec. 20, 2022). Other courts agree. *See, e.g.*, *Emrit v. Trump*, 2019 WL 935028, at *1 (S.D. Ohio Feb. 26, 2019) ("Plaintiff Ronald Satish Emrit is declared a harassing and vexatious litigator, and therefore is ENJOINED AND PROHIBITED from filing any additional complaints in the Southern District of Ohio which have not first been certified to have been filed in the correct venue by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee") (emphasis in original); *see also Emrit v. Universal Music Grp.*, 2020 WL 4751446, at *1 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021) (observing that Plaintiff's "vexatious litigant status is well-deserved" in light of "numerous" frivolous filings); *Emrit v. Universal Music Grp.*, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (noting Plaintiff's "ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits" and recognizing he "has been acknowledged as a vexatious litigant in at least six district courts").

**III.     Analysis**

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," *Neitzke*, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are slight.'" *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." *Neitzke*, 490 U.S. at 327. Separate from the court's authority to dismiss for failure to state a claim, the power to dismiss a complaint as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327). Thus, under this standard, "wildly implausible allegations in the complaint should

not be taken to be true." *Id*. Further, a court may consider "a litigant's history of bringing unmeritorious litigation" when analyzing the question of frivolousness. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

The court recognizes that Plaintiff is appearing *pro se*, that filings by *pro se* litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's complaint fails to satisfy the requirement under Rule 8 that all complaints must set out "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted). The complaint also violates this basic pleading requirement because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and indiscriminately directs each count against all Defendants without differentiating between Defendants and their conduct or specifying which Defendants are responsible for the acts or omissions alleged. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Furthermore, as the court noted previously,

> Plaintiff "has an apparent penchant for filing the same case simultaneously in multiple districts." *Emrit v. Devos*, 2020 U.S. Dist. LEXIS 60151, at *2, 2020 WL 1669872, at *1 (N.D. Fla. Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 1668050 (N.D. Fla. Apr. 3, 2020), *aff'd sub nom. Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474 (11th Cir. 2020) (per curiam). This case is yet another illustration of that pattern. Plaintiff has filed substantively identical complaints against Charles Barkley, Subway, and FanDuel in the following jurisdictions: *Emrit v. Barkley*, Case No. 1:23-cv-00003-KD-B (S.D. Ala. Jan. 3, 2023); *Emrit v. Barkley*, Case No. 2:23-cv-00017-RAH-SMD (M.D. Ala. Jan. 9, 2023); *Emrit v. Barkley*, Case No. 2:23-cv-00156-JMY (E.D. Pa. Jan. 9, 2023); *Emrit v. Barkley*, Case No. 2:23-cv-00034-WSS (W.D. Pa. Jan. 10, 2023); *Emrit v. Barkley*, Case No. 3:23-cv-00079-MCC (M.D. Pa. Jan. 17, 2023). Not only is he a serial filer, he is a serial copycat filer.

*Emrit v. Barkley, et al.*, Case No.: 23-cv-00019, ECF # 7 at 5-6 (N.D. Ala. Feb. 23, 2023). While Plaintiff has not, to the court's knowledge, filed suits identical to this one in other districts, he has filed similarly frivolous and incoherent suits before other judges in this district. *See Emrit v. University of Miami School of Law, et al.*, Case No.: 23-cv-00450 (N.D. Ala. 2023); *Emrit v. Fla. Dep't of Law Enforcement, et al.*, Case No.: 23-cv-00451 (N.D. Ala. 2023); *Emrit v. Jules*, Case No.: 23-cv-00453 (N.D. Ala. 2023). Each of these cases, including this one, was filed in quick succession with overlapping facts and claims.

Not only is Plaintiff's complaint replete with legal conclusions and superfluous information that have no bearing on his stated causes of action, the complaint is also devoid of either direct or indirect factual "allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Plaintiff has failed to allege sufficient facts to support his stated causes of action, and the court can discern no potentially valid legal claims arising from his intention to purchase a house in South Florida, his desire to find a Ukrainian bride, or the myriad other statements Plaintiff provided.

Also, the complaint is filled with inconsistent and impertinent allegations including that "the U.S. District Court for the Northern District of Georgia also has subject matter jurisdiction over this case" (Doc. 1 ¶ 23); that Plaintiff's rights were violated when pictures of him were shown in a Texas courtroom (*id.* ¶¶ 31, 35, 39, 41, 43, 45, 47, 49); that Defendant Pratt violated his rights by "insinuating that he is somehow the significant other of Sheila Darlene Buckaloo" (*id.* ¶¶ 34, 36, 38, 40); and that he is "entitled to strict scrutiny protection as it relates to federal, state, and local laws protecting the [c]ivil [r]ights of African Americans such as the Emmett Till Lynching Act, Matthew Shepard and James Byrd Hate Crimes Prevention Act, and George Floyd Policing Act." (*Id.* ¶¶ 42, 44, 46, 50).

## IV.   Conclusion

Dismissal of a case with prejudice under § 1915(e)(2) is "an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). However, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants [such a] dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam).

Due to the frivolous nature of the claims in Plaintiff's complaint, and his repeated abuse of the judicial process through the filing of frivolous, duplicative, bad faith, and vexatious claims in multiple courts, the claims asserted in Plaintiff's complaint are due to be dismissed with prejudice pursuant to § 1915(e)(2)(b) and without leave to amend.[2] A district court is not required to grant leave to amend where—as here—an amendment would prove futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended

---

[2] The United States District Court for the Southern District of Alabama recently warned that "any further frivolous filings by Emrit in this Court will result in a recommendation that he be deemed a vexatious litigant in this district and prohibited from filing any new documents without first obtaining the Court's prior written approval." *Emrit v. Barkley*, Case No. 1:23-cv-00003-KD-B, Doc. # 4 at 13-14 (S.D. Ala. Jan. 3, 2023).

7

complaint would still fail at the motion-to-dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

A separate order will be entered.

**DONE** and **ORDERED** this April 13, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE